IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KIM COMPTON                                                PLAINTIFF

VERSUS                                   CAUSE NO. 1:06CV157DMR-JMR

HARRISON COUNTY; HARRISON COUNTY BOARD
OF SUPERVISORS; MEMBERS OF THE HARRISON
COUNTY BOARD OF SUPERVISORS in their public
capacity; THE HARRISON COUNTY DEVELOPMENT
COMMISSION; and CONNIE ROCKO in her private and
public capacity                                     DEFENDANTS

## COMPLAINT

## JURY TRIAL DEMANDED

COMES NOW the Plaintiff, KIM COMPTON, by and through her attorneys of record, RUSHING & GUICE, P.L.L.C. and brings this her Complaint against HARRISON COUNTY; HARRISON COUNTY BOARD OF SUPERVISORS; MEMBERS OF THE HARRISON COUNTY BOARD OF SUPERVISORS in their public capacity; THE HARRISON COUNTY DEVELOPMENT COMMISSION; and CONNIE ROCKO in her private and public capacity, and in support of her good cause of action would state unto the Court the following, to-wit:

### PARTIES

**I.**

The Plaintiff, Kim Compton, is an adult resident citizen of Harrison County, Mississippi.

**II.**

The Defendant, HARRISON COUNTY BOARD OF SUPERVISORS, is a county office located in the County of Harrison, First Judicial District, State of Mississippi, and may be served with process in this cause in the form and manor provided by law through its President, Bobby Eleuterius, at 730 Dr. Martin Luther King, Jr. Boulevard, Biloxi, Mississippi, 39533.

**III.**

The Defendant, THE HARRISON COUNTY DEVELOPMENT COMMISSION, is a governmental agency and separate body politic located in the County of Harrison, First Judicial

District, and may be served with process in this cause in the form and manor provided by law through its President, Frank Castiglia, at 12292 Intraplex Parkway, Gulfport, Mississippi, 39502.

IV.

The Defendant, CONNIE ROCKO, is an adult resident citizen of Harrison County, Mississippi and Member of the Harrison County Board of Supervisors and may be personally served with process, at 730 Dr. Martin Luther King, Jr. Boulevard, Biloxi, Mississippi, 39533.

V.

The Defendants, MEMBERS OF THE HARRISON COUNTY BOARD OF SUPERVISORS, are Bobby Eleuterious, President and Supervisor of District 1; Larry Benefield, Supervisor of District 2; Martin R. Ladner, Supervisor District 3; William M. Martin, Supervisor District 4; and Connie M. Rocko, Supervisor District 5, who may each be personally served with process in this cause, at 1801 23rd Avenue, Gulfport, Mississippi, 39502.

## JURISDICTION

VI.

Jurisdiction is proper in this Court under 28 USC §1331, 42 USC §1983, and the First and Fourteenth Amendments to the United States Constitution. Venue is proper under 28 USC §1391(a)(2) because a substantial part of the events giving rise to the claim took place in the Southern District of Mississippi.

## STATEMENT OF FACTS

VII.

Due to Kim Compton's campaigning for Les Barnett, an opponent of Connie Rocko who was running for re-election as Supervisor for District 5, a series of events occurred leading to the wrongful termination of Plaintiff, including a hostile work environment, unwarranted refusal to grant Plaintiff pay increases, requiring Plaintiff to perform the duties of CEO without proper compensation, and illegal votes to remove Plaintiff from her position.

RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925

228 374-2313

### VIII.

In January 1997, Plaintiff was hired as Industrial Development Manager, Harrison County Development Commission and earned her certification as a Certified Economic Developer. Plaintiff was later promoted to Deputy Director.

### IX.

In March - June 2003, Plaintiff worked on the campaign of Les Barnett, opponent of the incumbent Connie Rockco, Supervisor, District 5.

### X.

In April 2003, Sam Larosa, treasurer of Connie Rockco's campaign, approached Michael J. Olivier, the director of the Harrison County Development Commission, at a cocktail party, on behalf of Connie Rockco, to persuade Olivier to prohibit Plaintiff from campaigning for Barnett.

### XI.

In April 2003, a meeting was held by Don Mason, Elmer Williams, and Bruce Nourse, members of the Harrison County Board of Supervisors, requesting Olivier to instruct Plaintiff to quit working on Barnett's campaign. Olivier refused to do so.

### XII.

In April 2003, at a public meeting of the Harrison County Development Commission's Marketing and Industrial Committee, Richard Bennet announced that he had driven by Plaintiff's house to confirm that Plaintiff had a Les Barnett sign in her yard. He requested the committee prohibit staff from such activities. Bruce Nourse left the room.

### XIII.

In June 2003, Les Barnett lost the election.

### XIV.

In March 2004, on the request of Connie Rockco to Harrison County Development Commission President Elmer Williams, Plaintiff's car allowance was wrongfully taken away with no compensation.

## XV.

In June 2004, Michael J. Olivier resigned from the Harrison County Development Commission.

## XVI.

In July 2004, Plaintiff was appointed Interim Director of the Harrison County Development Commission with no additional compensation beyond what she was making as Deputy Director.

## XVII.

In July 2004, Connie Rockco demanded the Harrison County Development Commission bring Plaintiff's appointment before the Harrison County Board of Supervisors for approval.

## XVIII.

In August 2004, the Harrison County Board of Supervisors rejected Plaintiff's appointment.

## XIX.

In August 2004, Elmer Williams came into Plaintiff's office, closed the door, and asked Plaintiff if she preferred to resign as Interim Director, rather than have the Harrison County Development Commission rescind her appointment.

## XX.

In August 2004, Plaintiff resigned as Interim Director and the Harrison County Development Commission accepted her resignation.

## XXI.

In September 2004, Elmer Williams promised Plaintiff a raise to Eighty-Five Thousand Dollars ($85,000.00) per year.

## XXII.

In September 2004, Elmer Williams decided the raise must be voted on by the entire commission, which had not been the practice of the Harrison County Development Commission.

## XXIII.

In September 2004, Elmer Williams sent an e-mail to Plaintiff that stated if Plaintiff "couldn't handle the pressure", she needed to quit.

RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925

228 374-2313

### XXIV.

In September 2004, the Harrison County Board of Supervisors passed a motion to prevent any Harrison County Development Commission employees from getting raises.

### XXV.

In September 2004, the Harrison County Development Commission denied Plaintiff's raise.

### XXVI.

In September 2004, Elmer Williams proposed a by-law change forcing the Deputy Director to take on all roles and responsibilities in the absence of the Executive Director, with no additional compensation.

### XXVII.

In September 2004, Plaintiff resigned from the Harrison County Development Commission due to the wrongful and adverse employment actions of the Defendants.

### XXVIII.

At all times mentioned herein, Connie Rockco publicly harassed Plaintiff every time Plaintiff appeared and presented before the Harrison County Board of Supervisors. Such public harassment was wrongful given Connie Rocko's position.

### XXIX.

At all times, mentioned herein, Plaintiff was a public employee with protected rights and could not be discharged by exercising those rights.

### XXX.

At all times mentioned herein, the actions of the Defendants were wrongful and in violation of Plaintiff's rights under the Mississippi Constitution and under the United States Constitution.

### FIRST CAUSE OF ACTION

### XXXI.

The Defendants wrongfully terminated Plaintiff, an at-will employee, in violation of public policy.

RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925

228 374-2313

### XL.

Plaintiff has suffered damages due to her wrongful termination and the adverse personnel actions caused by the Defendants in violation of the First Amendment of the Constitution of the United States of America and Article III, Section 13 of the Mississippi Constitution of 1890.

### XLI.

Such actions of the Defendants are a direct and proximate cause of the damages suffered by the Plaintiff.

### THIRD CAUSE OF ACTION

### XLII.

The Defendants wrongfully terminated and took adverse employment actions against Plaintiff, a public employee, in violation of the Fourteenth Amendment of the Constitution of the United States of America.

### XLIII.

Plaintiff, as a public employee, was entitled to the full protection of the Fourteenth Amendment of the Constitution of the United States without fear that her employment would be terminated or adversely affected. The Defendants, actions against Plaintiff because of her affiliation or support of a rival candidate was in violation of her right to due process and equal protection under the law and her right to freedom of association.

### XLIV.

Plaintiff has suffered damages due to her wrongful termination and adverse employment actions taken by the Defendants in violation of the Fourteenth Amendment of the Constitution of the United States of America.

### XLV.

Such actions of the Defendants are a direct and proximate cause of the damages suffered by the Plaintiff.

RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925

228 374-2313

### XXXV.

Plaintiff was an "at will" employee of the Harrison County Development Commission who was terminated by the Defendants in violation of a public policy which protected the Plaintiff against adverse employment actions based on political patronage and/or actions protected by the First Amendment of the Constitution of the United States of America. The Defendants' motivation in terminating the Plaintiff further violated this public policy.

### XXXVI.

Plaintiff has suffered damages due to her wrongful termination in violation of public policy caused by the Defendants in violation of the Constitution of the United States of America.

### XXXVII.

Such actions of the Defendants are a direct and proximate cause of the damages suffered by Plaintiff.

### THIRD CAUSE OF ACTION

### XXXVIII.

The Defendants wrongfully terminated and took adverse personnel action against Plaintiff, a public employee, for political patronage reasons in violation of the First Amendment of the Constitution of the United States of America and Article III, Section 13 of the Mississippi Constitution of 1890.

### XXXIX.

Plaintiff, as a public employee was entitled to exercise rights protected by the First Amendment of the Constitution of the United States and additionally Article III, Section 13 of the Mississippi Constitution of 1890 without fear that her employment would be terminated or adversely affected. The Defendants' actions against Plaintiff because of her affiliation or support of a rival candidate were inappropriate as Plaintiff's activities in no way adversely affected her ability to perform her duties.

RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925

228 374-2313

## THIRD CAUSE OF ACTION

### XLVI.

The Defendantsand the Harrison County Development Commission wrongfully terminated and took adverse employment actions against Plaintiff in violation of 42 USC §1983.

### XLVII.

The adverse employment actions of Defendants against Plaintiff are actionable under 42 U.S.C. §1983, as political loyalty is not a qualification for the job held by Plaintiff. Plaintiff's claims for violations of due process and equal protection rights under the Fourteenth Amendment are pursuant to 42 U.S.C. §1983. Further, the violations of Plaintiff's right to free speech and association under the First and Fourteenth Amendments of the United States Constitution are also brought pursuant to 42 U.S.C. §1983.

### XLVIII.

Plaintiff has suffered damages due to her wrongful termination and the adverse employment actions taken by the Harrison County Development Commission and the Defendants in violation of 42 USC §1983.

### XLIX.

Such actions of the Defendants are a direct and proximate cause of the damages suffered by Plaintiff.

## DAMAGES

### L.

Plaintiff has suffered damages in an amount to be proven at the trial of this matter, as a result of Defendants' harassment, dismissal due to political patronage, termination of an "at-will employee" in violation of public policy and the First and Fourteenth Amendments, and harassment or dismissal for political patronage brought under 42 U.S.C. §1983, but not less than One Million Two Hundred Thousand Dollars ($1,200,000.00).

WHEREFORE, Plaintiff prays that after due proceedings be had, Judgment will be rendered in favor of the Plaintiff, Kim Compton, and against the Defendants, Harrison County; Harrison

RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925

228 374-2313

County Board of Supervisors; Members of the Harrison County Board of Supervisors in their public capacity; the Harrison County Development Commission in their public capacity; and Connie Rocko in her private and public capacity, for the following:

1. A money Judgment against the Defendants in an amount to be proven at the trial of this matter but not less than One Million Two Hundred Thousand Dollars ($1,200,000.00);

2. A Judgment for interest at the legal rate until the Judgment is paid;

3. A Judgment for Attorneys's fees pursuant to 42 USC §1983;

4. A Judgment for all costs of this cause; and

5. A Judgment awarding such other relief to which Plaintiff may be entitled and as this Court may grant in the premises.

Respectfully submitted, this the ____ day of _____, 2006.

**KIM COMPTON, Plaintiff**

BY: _____
**WILLIAM LEE GUICE III**
**MS BAR NO. 5059**
**RUSHING & GUICE, P.L.L.C.**
**P. O. BOX 1925**
**BILOXI, MS  39533-1925**
228-875-5263 VOICE
228-875-5987 FAX
bguice@rushing-guice.com

**ATTORNEYS FOR PLAINTIFF**

RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925

228 374-2313